## Appeal of LOUISVILLE SEED CO.

Docket No. 6742.    Submitted November 18, 1925.    Decided April 16, 1926.

> The taxpayer was notified of an assessment under section 274
> (d) of the Revenue Act of 1924, filed a claim for abatement and
> the Commissioner notified the taxpayer, "your claim for abate-
> ment * * * will be rejected," after which the taxpayer carried
> on negotiations with the Commissioner, and more than 60 days
> after the letter rejecting the claim for abatement the Commis-
> sioner reaffirmed his determination, all of the above transpiring
> after June 2, 1924. *Held*, that the Board has no jurisdiction of
> an appeal filed from the last letter received from the Commis-
> sioner more than 60 days after the letter notifying the taxpayer
> of the rejection of its claim.

*Adrian C. Humphreys, Esq.*, for the taxpayer.
*Arthur H. Murray, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

JAMES: This appeal was heard on motion of counsel for the Commissioner to dismiss for want of jurisdiction, in that the appeal was not filed with the Board within the time prescribed by section 279 (b) of the Revenue Act of 1924.

On August 11, 1924, the taxpayer was notified of a deficiency in tax for the fiscal year ended June 30, 1919, in the amount of $2,407.98. Under date of September 15, 1924, the taxpayer was further notified that an assessment of that amount had been made under section 274 (d) of the Revenue Act of 1924, and was advised of its right to file a claim for abatement with respect thereto under section 279 (a) of the Act. Accordingly, the taxpayer filed a claim for abatement under date of October 1, 1924.

By registered letter dated March 18, 1925, the Commissioner notified the taxpayer that the claim for abatement had been rejected. The letter reads, in part, as follows:

You are advised that after careful consideration and review, your application under the provisions of section 328 for assessment of your profits tax as prescribed by section 328 of the Revenue Act of 1918 has been allowed. Your profits tax is based upon a comparison with a group of representative concerns which, in the aggregate, may be said to be engaged in a like or similar trade or business to that of your company.

In accordance with the above conclusions, your two claims for refund of $14,977.33 and your claim for abatement of $2,407.98 will be rejected for $31,270.56.

The Collector of Internal Revenue for your district will be officially notified of the rejection at the expiration of thirty days from the date of this letter.

Upon receipt of notice and demand from that official payment should be made to his office in accordance with the conditions of his notice.

The taxpayer thereupon, on April 7, 1925, filed a protest against the denial of the claim for abatement, to which the Commissioner replied by letter of July 31, 1925, as follows:

Reference is made to your protest dated April 7, 1925, against the action of the Unit as the result of consideration of your application for assessment of profits tax for the year 1919 under the provisions of section 328 of the Revenue Act of 1918, as set forth in Bureau letter dated March 18, 1925.

After careful review of your protest and of all the evidence submitted in support of your contentions, you are advised that the Bureau holds that your profits tax for the year 1919, as set forth in Bureau letter dated March 18, 1925, is similar in amount to the average profits tax assessed against representative concerns engaged in a like or similar business to that of your company. Accordingly, the conclusions set forth in the above-mentioned letter are sustained.

The taxpayer filed its petition with the Board on September 1, 1925.

At the outset it should be understood that all the proceedings in this appeal were taken after the enactment of the Revenue Act of 1924. There is, therefore, no question of construing section 280 of the Revenue Act of 1924, except in conjunction with all of the steps provided to be taken under the provisions of sections 274 and 279; and there is no question of harmonizing steps taken under the provisions of section 250 (d) of the Revenue Act of 1921, with a determination of tax liability made subsequent to the passage of the Revenue Act of 1924. Our decisions, therefore, in the *Appeal of Joseph Garneau Co.*, 1 B. T. A. 75, and subsequent appeals are not in point here.

All the acts done in this appeal which have a bearing upon the jurisdiction of the Board were done after June 2, 1924. This proceeding, therefore, falls entirely within the provisions of section 279 of the Revenue Act of 1924. It appears that all the provisions of section 279 (a) respecting both the action of the taxpayer and that of the Commissioner have been complied with.

We come then to consider the provision of section 279 (b), which reads as follows:

If a claim is filed as provided in subdivision (a) of this section the collector shall transmit the claim immediately to the Commissioner who shall by registered mail notify the taxpayer of his decision on the claim. The taxpayer may within 60 days after such notice is mailed file an appeal with the Board of Tax Appeals. * * *.

Notwithstanding the confusing language in the letter of March 18, 1925 (and the letter is confusing and unfortunate in its phraseology), the taxpayer was unequivocally notified by that letter of the action of the Commissioner upon its claim for abatement of $2,407.98. It filed no appeal at that time but went forward assuming that that letter was not a final determination and did not finally conclude the matter, and it took upon itself the burden of construing the legal effect of the letter of March 18.

It was in a position to file an appeal from that letter, from the determination set forth therein, and thereafter to pursue such negotiations with the Commissioner as it thought proper. Instead of pursuing this course, it protested to the Commissioner, who, on July 31, 1925, advised the taxpayer that he had reviewed the determination set forth in the letter of March 18 and had again arrived at the same result.

But it is significant that the Commissioner in this letter makes no reference to the claim for abatement of $2,407.98, or to any other amount of tax deficiency.

We are unable to escape the conclusion that the letter of March 18, 1925, is the only letter before us which indicates action in conformity with the provisions of section 279.(b) of the Revenue Act of 1924, namely, that the Commissioner shall by registered mail notify the taxpayer of his decision on the claim for abatement. Under that section the taxpayer may, within 60 days after the date of the mailing of such notice of action on its claim, file an appeal with the Board. It is from the decision on the claim that the taxpayer appeals and not from any other communication sent by the Commissioner relative to its tax liability. The appeal was not filed within 60 days from the letter of March 18, 1925, and the motion of the Commissioner to dismiss upon that ground must therefore be, and the same hereby is, granted.